UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 08-CV-294-JMH

EDWARD CLYDE ALLEN,                                    PETITIONER,

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT,                                     RESPONDENT.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Edward Clyde Allen, a prisoner incarcerated in the Federal Medical Center, in Lexington, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has now paid the habeas filing fee.

This matter is currently before the Court for the screening of the Petition. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As he is appearing *pro se*, Allen's Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**CLAIMS**

Petitioner challenges the procedures and result in a Bureau of Prisons ("BOP") disciplinary proceeding which ended with his conviction and imposition of sanctions; the Court construes this as a due process claim.

**FACTUAL ALLEGATIONS**

The following is a summary or construction of the allegations made in Allen's Petition and attachments to the Petition.

Allen describes himself as a 65-year-old, who has been incarcerated for six years so far on an eleven-year sentence, and during this time, his conduct has been praised. Most of that time he has worked in the BOP's UNICOR industry with outstanding reviews, one of which he attaches. The allegations relevant to the issues herein begin in May of 2007, when, because of certain effects from diabetes, he underwent a circumcision. Petitioner claims that since that surgery, he has "a hard time urinating" and is still on medication for the condition of urinary retention, about which he attaches information from Wikipedia.

On October 10, 2007, Allen and several other inmates were directed to provide urine samples for drug testing, but, the Petitioner alleges, he was unable to produce one because of the urinary retention, a residual effect from the surgery. After the consumption of two glasses of water and the passage of 1 hour and 55 minutes without producing the urine specimen, a corrections officer charged him with the offense of refusing to provide the

2

sample, a Code 110 offense, which is included in a category of prison offenses authorizing the most severe penalties.[1]

Petitioner does not attach a copy of the incident report of that date but the Court accepts his allegations as true at this stage.  He does attach a copy of the Order placing him in detention on that date, an Order which shows that he was placed there less than 2 hours after the sample was demanded, which is purportedly a violation of the BOP's relevant program statement which allows an inmate 2 hours before charging him – and an extension of time if medically justified, which his was.  Further, he claims that the commanding officer authorized the officer monitoring the prisoners to give Allen an additional half hour and more water, but the officer conducting the taking of the  samples did not provide either.

Another attachment to the Petition herein is what appears to be an email, dated October 19, 2007, nine days after the incident, from an Angela Carpenter to BOP officers regarding Allen:  "Dr. Holbrook has okayed for this inmate to be catheterized if he can not provide a urine specimen on request.  He is to be escorted to central clinic for the procedure."  There is no indication in the

---

[1]  The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

record that this approval was known to the Petitioner or the BOP prior to a hearing on the charge.

On October 25, 2007, a hearing was had before a Disciplinary Hearing Officer ("DHO"). His report[2] reveals that Petitioner produced no witnesses or documents but that Allen did explain about the recent circumcision and claimed that it was only because of a medical problem that he "failed to perform a bodily function in a certain amount of time." Allen insisted that he did not refuse to produce the specimen. The DHO however, relying on the incident report and investigation notes, found this defense "not credible for a few reasons."

As to the reasons for finding against Petitioner, the DHO stated that a physician's assistant on duty had reviewed Petitioner's records and he found no reason that Allen shouldn't be able to perform as requested. Also, the DHO pointed to the fact that Petitioner had been given the extra time and extra water authorized by the superior BOP officer but still claimed inability to urinate. "Therefore, the DHO finds the greater weight of the above listed evidence supports you committed the prohibited act of refusing to provide a urine sample, Code 110." Allen was

---

[2] There are actually two DHO reports, both of which are attached to Allen's Petition. The first report is dated November 16, 2007, and the second is an Amended Report dated June 10, 2008. They are identical except that in the first report, no good conduct time was forfeited, while on the last page of the latter report, the sanction of the loss of 41 days of Good Conduct Time has been added to the other penalties imposed. There is no explanation as to why the amendment was made more than 6 months after the original DHO report.

4

sanctioned with a 30-day stay in detention, a year's loss of visiting privileges except for family, and the loss of 41 days of good conduct time ("GCT").

After the conviction and his stay in detention, the Petitioner proceeded to obtain two documentary exhibits to support his defense and he attaches them herein.  First, on November 23, 2007, he went to the prison clinic, where a physician's assistant obtained the urine retention diagnosis from Allen's urologist, Dr. Ray.   On December 13, 2007, he recorded in Allen's medical records not only the diagnosis but a solution for urine samples on demand: "May catheterize as needed to get specimen." Petitioner attaches a copy of this medical record.

The second exhibit is a copy of a January 14, 2008, Memorandum from Dr. Holbrook, the prison doctor, to the disciplinary committee, DHO, and "Lieutenants."  In it, the doctor has written, "Ed Allen has medical conditions that prevent him from urinating on a regular and frequent basis," and the doctor sets out a process for obtaining a specimen via a catheter procedure, to be conducted by medical staff.

Meanwhile, Petitioner was appealing the conviction administratively, and he provides the documents which he exchanged with the BOP Regional Director and Administrator of National Inmate Appeals in the last two levels of the appeal process.  Petitioner's position on appeal and herein is that the authorities should have

5

asked his treating physician about his condition, not just a physician's assistant who was on duty and had no familiarity with the problem. And he insists that the times on the incident report and detention order show that he did not get the full time for producing a sample, much less extra time. Further, Petitioner insists, he did not get the extra water either. As he said at the hearing, ". . . I could not go. I am not a bad guy," but a prisoner with a fine record and no drug violations. These appeal documents also reveal that Petitioner offered up the December medical record about his diagnosis and the catheter alternative for obtaining a specimen in support of his appeal, but it is not revealed whether Allen used the January memo from Dr. Holbrook in the appeal.

The position of the BOP was that the investigating officer had talked to the duty physician's assistant who found no reason for Petitioner's producing no urine and had confirmed that he was given extra time. Therefore, it was appropriate for the DHO to take the investigator's portions of the incident report "as fact," over the above arguments of the prisoner. Repeatedly, the Petitioner has claimed to the contrary, however. With regard to the extra time and water, he argues that the record shows only what was authorized, not actually given. Moreover, he insists, the record herein actually *documents his not being given the extra authorized time* to produce a sample, the incident report showing that the

6

urine sample was demanded at 5:10 p.m. and the order showing that Petitioner was admitted to the detention facility at 7:05 p.m., less than two hours later.

Two months after exhausting the BOP administrative process, Allen submitted the Section 2241 Petition herein.  He asks that the Court reverse the conviction, reverse the sanctions, and restore both his 41 days of GCT and his UNICOR job with back pay and paygrade.

**ORDER**

The Petitioner having claimed a violation of the process due him, the BOP administrative remedies apparently having been exhausted (*see Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam)), and the Court being advised,

**IT IS ORDERED** as follows:

(1)  The Respondent in this action is Stephen M. Dewalt.

(2)  The Clerk of the Court shall serve by certified mail a copy of the Petition and this Order upon Respondent Warden Dewalt, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3)  Respondent, by counsel, shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

7

(4)   Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office for further consideration.

(5)   Petitioner shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

This the 29th day of October, 2008.

Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**

8